1  SANDI M. COLABIANCHI  (SBN:  193872)
   scolabianchi@gordonrees.com
2  GORDON & REES, LLP
   275 Battery Street, Suite 2000
3  San Francisco, California  94111
   Telephone:     (415) 986-5900
4  Facsimile:     (415) 986-8054
   scolabianchi@gordonrees.com
5
   Counsel for FRED HJELMESET
6  Trustee in Bankruptcy

7

8              UNITED STATES BANKRUPTCY COURT

9        NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 In re LIVE365, INC.,                      )   Case No.:  16-51574 SLJ
                                             )   Chapter  7
12                          Debtor.          )
                                             )   **TRUSTEE'S APPLICATION TO SET**
13                                           )   **HEARING ON TRUSTEE'S MOTION TO**
                                             )   **SELL PERSONAL PROPERTY, SUBJECT**
14                                           )   **TO OVERBID, ON 7 DAYS NOTICE**
                                             )
15 _____ )   Judge:        Hon. Stephen L. Johnson

16       Fred Hjelmeset, Chapter 7 Trustee of the estate of the above Debtor, files this Application

17 to Set Hearing on Trustee's Motion to Sell Personal Property, Subject to Overbid, on 7 Days

18 Notice ("Application").  [The notice of motion and motion are attached hereto as Exhibit A.]

19 The Trustee requests that the hearing on the motion be set for hearing the week of July 18, 2016.

20       The Trustee has recently entered into an agreement to sell the Debtor's computer

21 equipment that is currently being stored at Equinix' colocation facility in San Jose to Colo

22 Network IP, LLC for the total sum of $16,000.  The agreement provides that closing is to occur

23 within 10 days of entry of an order approving the sale.

24       The Court's regular scheduled law and motion calendar on July 20, 2016 is closed.  In

25 order to avoid additional administrative rent for August, the Trustee requests that sale motion be

26 set for the week of July 18, 2016 and on 7 days notice as allowed under Bankruptcy Local Rule

27 9014-1(d), since the sale is by the chapter 7 trustee of personal property that is accruing

28 administrative rent.

Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

1121110/28701130v.1

1   WHEREFORE, the Trustee respectfully requests that the Court enter the proposed Order

2   Setting Hearing and set a hearing on the Trustee's motion to sell personal property the week of

3   July 18, 2016.

4   Dated:  July 7, 2016                          GORDON & REES LLP

5

6                                                 By:   /s/   Sandi M. Colabianchi
                                                        Sandi M. Colabianchi
7                                                 Counsel to Fred Hjelmeset, Trustee in Bankruptcy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| In re | Case No. 16-51574 SLJ |
| | Chapter 7 |
| LIVE365, INC., | |
| | Honorable Stephen L. Johnson |
| Debtor. | Date: |
| | Time: |
| | Place: 280 South First Street, |
| | Courtroom 3099, San Jose, CA 95113 |

**NOTICE OF SALE OF PERSONAL PROPERTY, SUBJECT TO OVERBID, ON SEVEN DAYS NOTICE PURSUANT TO B.L.R. 9014(d)(1)(a)**

**TO DEBTOR, CREDITORS, AND PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE** that on _____, 2016 at _____.m. before the Honorable Stephen L. Johnson, United States Bankruptcy Judge in Courtroom 3099, 280 South First Street, San Jose, California, 95113, a hearing will be conducted on the motion of Fred Hjelmeset, Chapter 7 Trustee ("Trustee") of the above named Debtor, to sell all of the estate's right, title and interest in and to the personal property listed on Exhibit A ("Assets") to Colo IP Network, LLC or its assigns ("Buyer").

  <u>Background.</u>

  Live365, Inc. ("Debtor") filed its voluntary petition under Chapter 7 of the Bankruptcy Code on May 26, 2016. Fred Hjelmeset was appointed as chapter 7 trustee of the Debtor's bankruptcy estate.

  According to the Debtor's bankruptcy Schedule B, the Debtor owns miscellaneous computer equipment, domain names, patent applications, and trademarks. The Debtor's assets include the items listed on Exhibit A referred to hereafter as the "Assets". The computer equipment is maintained at Equinix' co-location facility (SV1) in San Jose, California ("Premises").

  The Buyer has evaluated the Assets and, subject to Bankruptcy Court approval, seeks to purchase the Assets. The Trustee and Buyer have reached an agreement on the purchase of the estate's right, title and interest in the Assets, subject to overbid and Bankruptcy Court approval.

  <u>Sale and Analysis.</u>

  The Trustee moves to sell the estate's right, title and interest in and to the Assets to the Buyer for the total purchase price of $16,000 ("Purchase Price"). To the extent any sales tax must be paid, the Buyer shall be responsible for the payment of the sales tax, in addition to the

Case: 16-51574   Doc# 15   Filed: 07/07/16   Entered: 07/07/16 14:44:33   Page 4 of 24

purchase price.

The Assets are being sold on seven days' notice pursuant to Bankruptcy Local Rule 9014-(d)(1)(a) because it is being stored on leased premises. The Trustee will request that the order approving the proposed sale state: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply." The Trustee also requests that this Court retain jurisdiction to resolve any controversy or claim arising out of the sale of the Assets.

The Trustee believes that the proposed sale is in the best interest of the estate based on the opinion of value provided to the Trustee and after consideration of hypothetical auctioneer costs and expenses. In addition, a prompt sale will stop the further accrual of storage charges.

### AS IS Provisions

The sale of the Assets is on an **"AS IS" "WHERE IS" AND "WITH ALL FAULTS" BASIS. THE TRUSTEE MAKES NO REPRESENTATIONS AND EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, INCLUDING BUT NOT LIMITED TO, REPRESENTATIONS OR WARRANTIES FOR FITNESS AS TO A PARTICULAR PURPOSE OR ANY WARRANTY AS TO THE OWNERSHIP OF THE TECHNOLOGY USED BY OR INTEGRATED INTO THE ASSETS OR ITS COMPONENTS, OR TRANSFERRABILITY OF ANY OF THE ASSETS.**

In addition, Buyer is responsible for verifying that each item listed in Exhibit A to the Agreement is located at the Premises and for verifying the transferability of each of the Assets.. The closing of the sale shall take place within 10 calendar days of the entry of the Bankruptcy Court's order authorizing the Trustee to enter into this Agreement ("Closing"). At Closing, Buyer shall be solely responsible for taking possession of the Assets at its own expense at the Premises. Buyer shall be solely responsible for all fees and costs associated with and related to removal of the Assets from the Premises, including but not limited to de-racking and de-installing the Assets, and for shipping/transporting the Assets to the Buyer's location or locations.

### Overbid Provisions

The sale of the Assets to the Buyer is subject to overbid. Any person interested in making an overbid shall contact the Trustee's counsel in writing at the address below within 5 days of the date of this Notice and provide a deposit in the amount of $5,000 to be received by the Trustee within 7 days of the date of this Notice. In the event the Trustee receives written notice of an overbid and the deposit by the above dates, the Trustee will schedule an overbid auction. If there is an overbid auction, the payment of the full purchase price by the successful overbidder shall be due within two days following the entry of an order approving the sale and the deposit paid by the successful overbidder shall be non-refundable. Any overbid shall be free of any contingencies and will be subject to the AS IS Provisions section above.

**PLEASE TAKE NOTICE THAT** any party wishing to object to the proposed sale must do so in conformity with Bankruptcy Local Rule 9014-1(d) of the United States Bankruptcy Court for

Case: 16-51574    Doc# 15    Filed: 07/07/16    Entered: 07/07/16 14:44:33    Page 5 of 24

the Northern District of California. Bankruptcy Local Rule 9014-(d)(3) requires opposition to the proposed sale to be provided before or at the hearing on this matter.

       **PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to file documents electronically with the Bankruptcy Court should check the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

Dated: July ___, 2016           GORDON & REES LLP

                     By _____
                         Sandi M. Colabianchi
                Attorneys for Fred Hjelmeset, Chapter 7 Trustee

Sandi M. Colabianchi, State Bar No. 193872
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone No.: 415-986-5900
Email: scolabianchi@gordonrees.com

1121110/28701125v.1

**EXHIBIT A**

Domains:

- Live365.com
- Live365.net

IPv4 Asset:

- 216.235.80.0/20

CoLo Inventory

See Next Page

# COLO INVENTORY

**January 2016**

| FRONT | | | BACK | |
|---|---|---|---|---|
| **Rack 15** | | | **Rack 15** | |
| 12163 | Geist Power strips | | ? | Force10 E300 |
| 12164 | Geist Power strips | | 12241 | 1U SuperMicro 4 bay server |
| **Rack 14** | | | 12683 | 1U SuperMicro 8 bay server |
| 12161 | Geist Power strips | | 12640 | Big-IP 4000 Series |
| 12162 | Geist Power strips | | **Rack 14** | |
| 12139 | Netapp FAS 3050c (x2) | | 12288 | Cisco 48-port switch |
| **Rack 13** | | | 12289 | Cisco 48-port switch |
| 12159 | Geist Power strips | | 12166 | Juniper Netscreen Security Client |
| 12160 | Geist Power strips | | 12138 | Juniper Netscreen -50 |
| 12139 | Netapp DS14 MK2 (x6) | | 12133 | Force10 48-port switch |
| **Rack 12** | | | 12628 | 1U SuperMicro 4 bay server |
| 12157 | Geist Power strips | | 12671 | 1U SuperMicro 10 bay server |
| 12158 | Geist Power strips | | 12689 | 1U SuperMicro 8 bay server |
| **Rack 11** | | | **Rack 13** | |
| 12155 | Geist Power strips | | 11172 | 1U SuperMicro 4 bay server |
| 12156 | Geist Power strips | | ? | 1U SuperMicro 4 bay server |
| 12617 | 1U SuperMicro 4 bay server | | ? | 1U SuperMicro 4 bay server |
| 12618 | 1U SuperMicro 4 bay server | | 12310 | 1U SuperMicro 4 bay server |
| 12221 | 1U SuperMicro 4 bay server | | 12048 | APC Masterswitch plus |
| 12220 | 1U SuperMicro 4 bay server | | 12047 | Geist Power strip |
| 12214 | 1U SuperMicro 4 bay server | | 12050 | Geist Power strip |
| **Rack 10** | | | **Rack 12** | |
| 12153 | Geist Power strips | | 12136 | Force10 E300 |
| 12154 | Geist Power strips | | 12134 | Force10 48-port switch |
| 12101 | 1U SunMicrosystem Sunfire V210 | | 12046 | Tripp Lite power strip |
| **Rack 09** | | | 10782 | 1U SuperMicro 4 bay server |
| 12036 | Cyclades PR3000 | | 12623 | 1U SuperMicro 4 bay server |
| 12151 | Geist Power strips | | 12633 | 1U SuperMicro 4 bay server |
| 12152 | Geist Power strips | | **Rack 11** | |
| 10727 | Foundary Network ServerIronXL | | 12286 | Cisco 48-port switch |
| 12022 | Foundary Network ServerIronXL | | 12287 | Cisco 48-port switch |
| **Rack 08** | | | ? | 1U SuperMicro 4 bay server |
| 10421 | Cyclades PR3000 | | 12631 | 1U SuperMicro 4 bay server |
| 10734 | ADIC Scalar 100 LTO | | 12682 | 1U SuperMicro 8 bay server |
| **Rack 07** | | | **Rack 10** | |

Case: 16-51574   Doc# 15   Filed: 07/07/16   Entered: 07/07/16 14:44:33   Page 8 of 24

| | | | | |
|---|---|---|---|---|
| **12149** | Geist Power strip | | **10649** | Cisco Catalyst 6500 series |
| **12150** | Geist Power strip | | **10696** | SunMicrosystem Sunfire V210 |
| **10829** | 1U SuperMicro 4 bay server | | **10635** | 1U SuperMicro 4 bay server |
| **10832** | 1U SuperMicro 4 bay server | | **10659** | 1U SuperMicro 4 bay server |
| **12532** | 1U SuperMicro 4 bay server | | **10660** | 1U SuperMicro 4 bay server |
| **10831** | 1U SuperMicro 4 bay server | | **10661** | 1U SuperMicro 4 bay server |
| **10833** | Dell PowerEdge R710 | | **10655** | 1U SuperMicro 4 bay server |
| **12023** | Dell PowerEdge 2950 | | **12601** | 1U SuperMicro 4 bay server |
| **12024** | Dell PowerVault MD1000 | | **12594** | 1U SuperMicro 4 bay server |
| **Rack 06** | | | **10751** | 1U SuperMicro 4 bay server |
| **12147** | Geist Power strip | | **10769** | 1U SuperMicro 4 bay server |
| **12148** | Geist Power strip | | **10760** | 1U SuperMicro 4 bay server |
| **12224** | 1U SuperMicro 4 bay server | | **Rack 09** | |
| **12025** | Dell PowerEdge 2950 | | **10730** | Netra t1 105 |
| **12026** | Dell PowerVault MD1000 | | **10731** | NetFlow |
| **Rack 05** | | | **10732** | IPGW - Netra t 1125 |
| **12165** | Dell PowerEdge 2950 | | **Rack 07** | |
| **10830** | 1U SuperMicro 4 bay server | | **10642** | Cisco PIX 515E Firewall |
| **12227** | 1U SuperMicro 4 bay server | | **10643** | Cisco PIX 515E Firewall |
| **Rack 04** | | | **10644** | Cisco Catalyst 6500 series |
| **12143** | Geist Power strip | | **10646** | 16-port switch |
| **12144** | Geist Power strip | | **10647** | 16-port switch |
| **12582** | Dell PowerEdge R710 | | **12041** | Tripp Lite power strip |
| **12060** | Dell PowerVault MD1000 | | **Rack 06** | |
| **12643** | Cisco switches (x3) | | **12284** | Cisco 48-port switch |
| **Rack 0113** | | | **12285** | Cisco 48-port switch |
| **12213** | 1U SuperMicro 4 bay server | | **10740** | APC Masterswitch plus |
| **Rack 0114** | | | **10631** | 1U SuperMicro 3 bay server |
| **12229** | 1U SuperMicro 4 bay server | | **12668** | 2U Poweredge R720 |
| | | | **10636** | 1U SuperMicro 4 bay server |
| | | | **12636** | 1U SuperMicro 4 bay server |
| | | | **10763** | 1U SuperMicro 4 bay server |
| | | | **10795** | 1U SuperMicro 4 bay server |
| | | | **Rack 05** | |
| | | | **12030** | Cisco 48-port switch |
| | | | **12242** | 1U SuperMicro 4 bay server |
| | | | **12651** | 1U SuperMicro 4 bay server |
| | | | **10757** | 1U SuperMicro 4 bay server |
| | | | **12688** | 2U iXsystems 24-bay server |
| | | | **12276** | 2U iXsystems 24-bay server |

Case: 16-51574    Doc# 15    Filed: 07/07/16    Entered: 07/07/16 14:44:33    Page 9 of 24

| | |
|---|---|
| **12677** | 2U iXsystems 24-bay server |
| **12624** | 1U SuperMicro 4 bay server |
| **12283** | Cisco 48-port switch |
| **12282** | Cisco 48-port switch |
| **Rack 04** | |
| **12039** | Netgear 24-port Gigbit switch |
| **12031** | Cisco 48-port switch |
| **12686** | 2U Dell Poweredge R720 |
| **12684** | 2U 24-bay iXsystem server |
| **12673** | 1U SuperMicro 8 bay server |
| **12687** | 1U SuperMicro 8 bay server |
| **12292** | 1U SuperMicro 8 bay server |
| **12294** | Quantum Scalar i40 |
| **Rack 0113** | |
| **12647** | Cisco Catalyst 6500-E |
| **12290** | Cisco 48-port switch |
| **12291** | Cisco 48-port switch |
| **Rack 0114** | |
| **12646** | Cisco Catalyst 6500-E |
| **12676** | 1U SuperMicro 8 bay server iXsystems |
| **12675** | 1U SuperMicro 8 bay server iXsystems |
| **Below PC** | |
| **12222** | Force 10 E300 |
| **Back of cage** | |
| **10785** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12183** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10658** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12029** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12019** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10555** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10748** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12028** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10834** | 1U SuperMicro 4-bay superserver 6014H-x8 |

7

| | |
|---|---|
| **10663** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10755** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **11165** | Dell Poweredge SC 1435 |
| **10598** | SunMicro SN:HL11005928 |
| **12674** | 2U iXsystem 24-bay server |
| **12141** | Dell PowerVault MD1000 |
| **12625** | Dell Poweredge R610 |
| **12112** | Dell Poweredge 2950 |
| **12691** | 2U iXsystem 24-bay server |
| **?** | 2U iXsystem 24-bay server |
| **12140** | Dell Poweredge 2950 |
| **10645** | RoutesScience PathControl |
| **12695** | 1U iXsystem 8 bay server |
| **12690** | 1U iXsystem 8 bay server |
| **12667** | 1U iXsystem 8 bay server |
| **12693** | 1U iXsystem 8 bay server |
| **12685** | 1U iXsystem 8 bay server |
| **12692** | 1U iXsystem 8 bay server |

8

1  SANDI M. COLABIANCHI (SBN 193872)
   GORDON & REES, LLP
2  275 Battery Street, Suite 2000
   San Francisco, California 94111
3  Telephone (415) 986-5900
   Facsimile (415) 986-8054
4  scolabianchi@gordonrees.com

5  Counsel for FRED HJELMESET,
   Trustee in Bankruptcy

6

7

8            UNITED STATES BANKRUPTCY COURT

9      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11 In re                          )   Case No.  16-51574 SLJ
                                   )   Chapter 7
12 LIVE365, INC.,                  )
                                   )
13                      Debtor.    )   **MOTION TO SELL DEBTOR'S**
                                   )   **PERSONAL PROPERTY, SUBJECT TO**
                                   )   **OVERBID, ON SEVEN DAYS NOTICE**
14                                 )   **PURSUANT TO B.L.R. 9014(d)(1)(a)**
                                   )
15                                 )   Date:
                                   )   Time:
16 _____ )   Judge: Hon. Stephen L. Johnson

17

18        Fred Hjelmeset, Trustee in bankruptcy of the estate of the above named Debtor

19 ("Trustee"), moves to sell all of the estate's right, title and interest in and to the personal property

20 listed on Exhibit A to the Agreement (Exhibit 1) attached to this Motion ("Assets") to Colo IP

21 Networks LLC or its assigns ("Buyer").

22        **Background.**

23        Live365, Inc. ("Debtor") filed its voluntary petition under Chapter 7 of the Bankruptcy

24 Code on May 26, 2016.  Fred Hjelmeset was appointed as chapter 7 trustee of the Debtor's

25 bankruptcy estate.

26        According to the Debtor's bankruptcy Schedule B, the Debtor owns miscellaneous

27 computer equipment, domain names, patent applications, and trademarks.  The Debtor's assets

28 include the items listed on Exhibit A of the Agreement referred to hereafter as the "Assets".  The

Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

1121110/28693101v.1

computer equipment is maintained at Equinix' co-location facility (SV1) in San Jose, California ("Premises").

The Buyer has evaluated the Assets and, subject to Bankruptcy Court approval, seeks to purchase the Assets. The Trustee and Buyer have reached an agreement on the purchase of the estate's right, title and interest in the Assets, subject to overbid and Bankruptcy Court approval.

**Sale and Analysis.**

The Trustee moves to sell the estate's right, title and interest in and to the Assets to the Buyer for the total purchase price of $16,000 ("Purchase Price"). To the extent any sales tax must be paid, the Buyer shall be responsible for the payment of the sales tax, in addition to the purchase price.

The Equipment is being sold on seven days' notice pursuant to Bankruptcy Local Rule 9014-(d)(1)(a) because it is being stored on leased premises. The Trustee will request that the order approving the proposed sale state: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply." The Trustee also requests that this Court retain jurisdiction to resolve any controversy or claim arising out of the sale of the Assets.

The Trustee believes that the proposed sale is in the best interest of the estate based on the opinion of value provided to the Trustee and after consideration of hypothetical auctioneer costs and expenses. In addition, a prompt sale will stop the further accrual of storage charges.

**AS IS Provisions**

The sale of the Assets is on an "AS IS" "WHERE IS" AND "WITH ALL FAULTS" BASIS. THE TRUSTEE MAKES NO REPRESENTATIONS AND EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, INCLUDING BUT NOT LIMITED TO, REPRESENTATIONS OR WARRANTIES FOR FITNESS AS TO A PARTICULAR PURPOSE OR ANY WARRANTY AS TO THE OWNERSHIP OF THE TECHNOLOGY USED BY OR INTEGRATED INTO THE ASSETS OR ITS COMPONENTS, OR TRANSFERRABILITY OF ANY OF THE ASSETS.

Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Page 2

In addition, Buyer is responsible for verifying that each item listed in Exhibit A to the Agreement is located at the Premises and for verifying the transferability of each of the Assets.. The closing of the sale shall take place within 10 calendar days of the entry of the Bankruptcy Court's order authorizing the Trustee to enter into this Agreement ("Closing"). At Closing, Buyer shall be solely responsible for taking possession of the Assets at its own expense at the Premises. Buyer shall be solely responsible for all fees and costs associated with and related to removal of the Assets from the Premises, including but not limited to de-racking and de-installing the Assets, and for shipping/transporting the Assets to the Buyer's location or locations.

**Overbid**

The sale of the Assets to the Buyer is subject to overbid. Any person interested in making an overbid shall contact the Trustee's counsel <u>in writing</u> at the address above within 5 days of the date of this Motion and provide a deposit in the amount of $5,000 to be received by the Trustee within 7 days of the date of this Motion. In the event the Trustee receives written notice of an overbid and the deposit by the above dates, the Trustee will schedule an overbid auction. If there is an overbid auction, the payment of the full purchase price shall be due within two days following the entry of an order approving the sale and the deposit paid by the successful overbidder shall be non-refundable. Any overbid shall be free of any contingencies and will be subject to the AS IS Provisions section above.

**Conclusion:**

For the reasons stated above, the Trustee requests authority to sell the Assets to Buyer or an overbidder on the terms set forth above and in the Agreement.

Dated: July ___, 2016

GORDON & REES LLP

By _____
       Sandi M. Colabianchi
Attorneys for Fred Hjelmeset,
Trustee in Bankruptcy

Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Page 3

# EXHIBIT 1

# AGREEMENT

This Agreement ("***Agreement***") is entered into by and between Fred Hjelmeset, Trustee in Bankruptcy ("***Trustee***") of the estate of Live365, Inc. ("***Debtor***"), Case No. 16-51574 (the "***Bankruptcy Case***") currently pending in the United States Bankruptcy Court for the Northern District of California (the "***Bankruptcy Court***"), and Colo IP Networks, LLC ("***Colo***" or "***Buyer***"), effective as of July 5, 2016.

## RECITALS

A.      The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2016 ("***Petition Date***") thereby initiating the Bankruptcy Case. Fred Hjelmeset was appointed trustee in bankruptcy of the Debtor's Chapter 7 estate (the "***Bankruptcy Estate***").

B.      According to the Debtor's bankruptcy Schedule B, the Debtor owned miscellaneous computer equipment, domain names, patent applications, and trademarks.

C.      The computer equipment is maintained at Equinix' co-location facility (SV1) in San Jose, California ("Premises").

D.      The Debtor's inventory and asset lists include the items listed on **Exhibit A** referred to hereafter as the "***Assets***". The Buyer has evaluated the Assets and, subject to Bankruptcy Court approval, seeks to purchase the Assets.

E.      The Trustee and Buyer have reached an agreement on the purchase of the estate's right, title and interest in the Assets, subject to Bankruptcy Court approval.

## AGREEMENT

In consideration of the foregoing premises and the mutual promises, covenants and conditions herein contained, and for other good and valuable consideration, the receipt and sufficiency being hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.      Subject to the Buyer's delivery of $16,000 ("***Purchase Price***") to be delivered as set forth in paragraph 2 below, and a Bankruptcy Court order approving this Agreement, the Trustee shall sell all of the estate's right, title and interest in and to the Assets to the Buyer.

2.      The Purchase Price shall be delivered to the Trustee, so that it is actually received by him as follows: (i) a deposit of $5,000 to be delivered to the Trustee, concurrent with the execution of this Agreement ("Deposit"); and (ii) the balance of the Purchase Price, $11,000, to be delivered within two business days following the entry of a Bankruptcy Court order approving the sale of the Assets to the Buyer. The Purchase Price shall be paid by cashier's check, payable to "Estate of Live365, Inc." and delivered to Fred Hjelmeset, Trustee, P.O. Box 4188, Mountain View, CA 94040, or by wire transfer with such wire transfer instructions to be delivered to the Buyer if requested.

1

3.     To the extent any sales tax must be paid, the Buyer shall be responsible for the payment of the sales tax, in addition to the purchase price.  Prior to the closing of the sale, the Buyer may provide to the Trustee evidence that the sale of the assets are exempt from sales tax.

4.     Buyer agrees and acknowledges that the **SALE OF THE ASSETS IS ON AN "AS IS" "WHERE IS" AND "WITH ALL FAULTS" BASIS.  THE TRUSTEE MAKES NO REPRESENTATIONS AND EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, INCLUDING BUT NOT LIMITED TO, REPRESENTATIONS OR WARRANTIES FOR FITNESS AS TO A PARTICULAR PURPOSE OR ANY WARRANTY AS TO THE OWNERSHIP OF THE TECHNOLOGY USED BY OR INTEGRATED INTO THE ASSETS OR ITS COMPONENTS, OR TRANSFERRABILITY OF ANY OF THE ASSETS.**  The closing of the transaction shall constitute acknowledgment by Buyer that the Assets have been accepted without representation or warranty of any kind and in its present "as is" condition based solely on Buyer's own inspections and investigations**.**

5.     Buyer agrees and acknowledges that the Assets listed on the Exhibit A may not be located in the same rack as the inventory list and that Seller has not verified that each item listed on the inventory list and in Exhibit A is located at the Premises.  Seller is only selling the items listed in Exhibit A and that's located at the Premises, Buyer shall be responsible for verifying that all of the items are located at the Premises and the closing of the transaction shall also constitute acknowledgment by Buyer that it has verified that all Assets being purchased are located at the Premises.

6.     The closing of the sale shall take place within 10 calendar days of the entry of the Bankruptcy Court's order authorizing the Trustee to enter into this Agreement ("Closing").  At Closing, Buyer shall be solely responsible for taking possession of the Assets at its own expense at the Premises.  Buyer shall be solely responsible for all fees and costs associated with and related to removal of the Assets from the Premises, including but not limited to de-racking and de-installing the Assets, and for shipping/transporting the Assets to the Buyer's location or locations.

7.     Except in the event of a default or breach on the part of the Buyer, or if there is an overbid and the Buyer is not the successful over-bidder as described in paragraph 7 below, if the Bankruptcy Court does not approve this Agreement, the Trustee shall promptly return the Deposit to the Buyer and the terms of this Agreement shall be null and void.  If, however, the Bankruptcy Court declines to approve this Agreement because of a breach on the part of the Buyer, the Trustee shall retain the Deposit as liquidated damages, and shall be free to sell the Assets to a third party, free and clear of any liens, claims or interests of the Buyer.  The decision of the Bankruptcy Court not to approve this Agreement shall not constitute a breach of this Agreement on the part of the Trustee.

8.     The sale of the Assets to the Buyer is subject to overbid.  If the Trustee receives an overbid for the Assets within 10 days of the execution of the agreement, the Trustee will schedule an overbid auction within 7 days of the receipt of the overbid.

2

9.     The parties agree to promptly execute all documents and use commercially reasonable efforts to take other actions reasonably necessary to implement and effectuate the terms and conditions of this Agreement.

10.     This Agreement shall be interpreted under the laws of the State of California. The interpretation and enforcement of this Agreement is subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of California, San Jose Division.

11.     This Agreement may be executed in two or more counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument. The parties agree that a facsimile or pdf signature shall be sufficient for the execution of this Agreement, provided that the parties will use their best efforts to forward the original signature to the Trustee.

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

13.     Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

14.     This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

15.     If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

16.     This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: July 5 , 2016                          _____
                                               Fred Hjelmeset, Trustee in Bankruptcy

                                               Colo IP Networks, LLC

Dated: July ____, 2016                     By: _____
                                               Jon Stephenson
                                           Its: _____

3

9.     The parties agree to promptly execute all documents and use commercially reasonable efforts to take other actions reasonably necessary to implement and effectuate the terms and conditions of this Agreement.

10.     This Agreement shall be interpreted under the laws of the State of California. The interpretation and enforcement of this Agreement is subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of California, San Jose Division.

11.     This Agreement may be executed in two or more counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument. The parties agree that a facsimile or pdf signature shall be sufficient for the execution of this Agreement, provided that the parties will use their best efforts to forward the original signature to the Trustee.

12.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

13.     Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

14.     This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

15.     If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

16.     This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: July ___, 2016

_____
Fred Hjelmeset, Trustee in Bankruptcy

Colo IP Networks, LLC

Dated: July __05__, 2016          By: _____
Jon Stephenson
Its: President

3

**EXHIBIT A**

Domains:

- Live365.com
- Live365.net

IPv4 Asset:

- 216.235.80.0/20

CoLo Inventory

See Next Page

1121110/28655603v.1

# COLO INVENTORY

**January 2016**

| FRONT | | | BACK | |
|---|---|---|---|---|
| **Rack 15** | | | **Rack 15** | |
| 12163 | Geist Power strips | | ? | Force10 E300 |
| 12164 | Geist Power strips | | 12241 | 1U SuperMicro 4 bay server |
| **Rack 14** | | | 12683 | 1U SuperMicro 8 bay server |
| 12161 | Geist Power strips | | 12640 | Big-IP 4000 Series |
| 12162 | Geist Power strips | | **Rack 14** | |
| 12139 | Netapp FAS 3050c (x2) | | 12288 | Cisco 48-port switch |
| **Rack 13** | | | 12289 | Cisco 48-port switch |
| 12159 | Geist Power strips | | 12166 | Juniper Netscreen Security Client |
| 12160 | Geist Power strips | | 12138 | Juniper Netscreen -50 |
| 12139 | Netapp DS14 MK2 (x6) | | 12133 | Force10 48-port switch |
| **Rack 12** | | | 12628 | 1U SuperMicro 4 bay server |
| 12157 | Geist Power strips | | 12671 | 1U SuperMicro 10 bay server |
| 12158 | Geist Power strips | | 12689 | 1U SuperMicro 8 bay server |
| **Rack 11** | | | **Rack 13** | |
| 12155 | Geist Power strips | | 11172 | 1U SuperMicro 4 bay server |
| 12156 | Geist Power strips | | ? | 1U SuperMicro 4 bay server |
| 12617 | 1U SuperMicro 4 bay server | | ? | 1U SuperMicro 4 bay server |
| 12618 | 1U SuperMicro 4 bay server | | 12310 | 1U SuperMicro 4 bay server |
| 12221 | 1U SuperMicro 4 bay server | | 12048 | APC Masterswitch plus |
| 12220 | 1U SuperMicro 4 bay server | | 12047 | Geist Power strip |
| 12214 | 1U SuperMicro 4 bay server | | 12050 | Geist Power strip |
| **Rack 10** | | | **Rack 12** | |
| 12153 | Geist Power strips | | 12136 | Force10 E300 |
| 12154 | Geist Power strips | | 12134 | Force10 48-port switch |
| 12101 | 1U SunMicrosystem Sunfire V210 | | 12046 | Tripp Lite power strip |
| **Rack 09** | | | 10782 | 1U SuperMicro 4 bay server |
| 12036 | Cyclades PR3000 | | 12623 | 1U SuperMicro 4 bay server |
| 12151 | Geist Power strips | | 12633 | 1U SuperMicro 4 bay server |
| 12152 | Geist Power strips | | **Rack 11** | |
| 10727 | Foundary Network ServerIronXL | | 12286 | Cisco 48-port switch |
| 12022 | Foundary Network ServerIronXL | | 12287 | Cisco 48-port switch |
| **Rack 08** | | | ? | 1U SuperMicro 4 bay server |
| 10421 | Cyclades PR3000 | | 12631 | 1U SuperMicro 4 bay server |
| 10734 | ADIC Scalar 100 LTO | | 12682 | 1U SuperMicro 8 bay server |
| **Rack 07** | | | **Rack 10** | |

5

| | | | | |
|---|---|---|---|---|
| 12149 | Geist Power strip | | 10649 | Cisco Catalyst 6500 series |
| 12150 | Geist Power strip | | 10696 | SunMicrosystem Sunfire V210 |
| 10829 | 1U SuperMicro 4 bay server | | 10635 | 1U SuperMicro 4 bay server |
| 10832 | 1U SuperMicro 4 bay server | | 10659 | 1U SuperMicro 4 bay server |
| 12532 | 1U SuperMicro 4 bay server | | 10660 | 1U SuperMicro 4 bay server |
| 10831 | 1U SuperMicro 4 bay server | | 10661 | 1U SuperMicro 4 bay server |
| 10833 | Dell PowerEdge R710 | | 10655 | 1U SuperMicro 4 bay server |
| 12023 | Dell PowerEdge 2950 | | 12601 | 1U SuperMicro 4 bay server |
| 12024 | Dell PowerVault MD1000 | | 12594 | 1U SuperMicro 4 bay server |
| **Rack 06** | | | 10751 | 1U SuperMicro 4 bay server |
| 12147 | Geist Power strip | | 10769 | 1U SuperMicro 4 bay server |
| 12148 | Geist Power strip | | 10760 | 1U SuperMicro 4 bay server |
| 12224 | 1U SuperMicro 4 bay server | | **Rack 09** | |
| 12025 | Dell PowerEdge 2950 | | 10730 | Netra t1 105 |
| 12026 | Dell PowerVault MD1000 | | 10731 | NetFlow |
| **Rack 05** | | | 10732 | IPGW - Netra t 1125 |
| 12165 | Dell PowerEdge 2950 | | **Rack 07** | |
| 10830 | 1U SuperMicro 4 bay server | | 10642 | Cisco PIX 515E Firewall |
| 12227 | 1U SuperMicro 4 bay server | | 10643 | Cisco PIX 515E Firewall |
| **Rack 04** | | | 10644 | Cisco Catalyst 6500 series |
| 12143 | Geist Power strip | | 10646 | 16-port switch |
| 12144 | Geist Power strip | | 10647 | 16-port switch |
| 12582 | Dell PowerEdge R710 | | 12041 | Tripp Lite power strip |
| 12060 | Dell PowerVault MD1000 | | **Rack 06** | |
| 12643 | Cisco switches (x3) | | 12284 | Cisco 48-port switch |
| **Rack 0113** | | | 12285 | Cisco 48-port switch |
| 12213 | 1U SuperMicro 4 bay server | | 10740 | APC Masterswitch plus |
| **Rack 0114** | | | 10631 | 1U SuperMicro 3 bay server |
| 12229 | 1U SuperMicro 4 bay server | | 12668 | 2U Poweredge R720 |
| | | | 10636 | 1U SuperMicro 4 bay server |
| | | | 12636 | 1U SuperMicro 4 bay server |
| | | | 10763 | 1U SuperMicro 4 bay server |
| | | | 10795 | 1U SuperMicro 4 bay server |
| | | | **Rack 05** | |
| | | | 12030 | Cisco 48-port switch |
| | | | 12242 | 1U SuperMicro 4 bay server |
| | | | 12651 | 1U SuperMicro 4 bay server |
| | | | 10757 | 1U SuperMicro 4 bay server |
| | | | 12688 | 2U iXsystems 24-bay server |
| | | | 12276 | 2U iXsystems 24-bay server |

6

| | |
|---|---|
| **12677** | 2U iXsystems 24-bay server |
| **12624** | 1U SuperMicro 4 bay server |
| **12283** | Cisco 48-port switch |
| **12282** | Cisco 48-port switch |
| **Rack 04** | |
| **12039** | Netgear 24-port Gigbit switch |
| **12031** | Cisco 48-port switch |
| **12686** | 2U Dell Poweredge R720 |
| **12684** | 2U 24-bay iXsystem server |
| **12673** | 1U SuperMicro 8 bay server |
| **12687** | 1U SuperMicro 8 bay server |
| **12292** | 1U SuperMicro 8 bay server |
| **12294** | Quantum Scalar i40 |
| **Rack 0113** | |
| **12647** | Cisco Catalyst 6500-E |
| **12290** | Cisco 48-port switch |
| **12291** | Cisco 48-port switch |
| **Rack 0114** | |
| **12646** | Cisco Catalyst 6500-E |
| **12676** | 1U SuperMicro 8 bay server iXsystems |
| **12675** | 1U SuperMicro 8 bay server iXsystems |
| **Below PC** | |
| **12222** | Force 10 E300 |
| **Back of cage** | |
| **10785** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12183** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10658** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12029** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12019** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10555** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10748** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **12028** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10834** | 1U SuperMicro 4-bay superserver 6014H-x8 |

Case: 16-51574   Doc# 15   Filed: 07/07/16   Entered: 07/07/16 14:44:33   Page 23 of 24

| | |
|---|---|
| **10663** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **10755** | 1U SuperMicro 4-bay superserver 6014H-x8 |
| **11165** | Dell Poweredge SC 1435 |
| **10598** | SunMicro SN:HL11005928 |
| **12674** | 2U iXsystem 24-bay server |
| **12141** | Dell PowerVault MD1000 |
| **12625** | Dell Poweredge R610 |
| **12112** | Dell Poweredge 2950 |
| **12691** | 2U iXsystem 24-bay server |
| **?** | 2U iXsystem 24-bay server |
| **12140** | Dell Poweredge 2950 |
| **10645** | RoutesScience PathControl |
| **12695** | 1U iXsystem 8 bay server |
| **12690** | 1U iXsystem 8 bay server |
| **12667** | 1U iXsystem 8 bay server |
| **12693** | 1U iXsystem 8 bay server |
| **12685** | 1U iXsystem 8 bay server |
| **12692** | 1U iXsystem 8 bay server |