SANDI M. COLABIANCHI (SBN 193872)
scolabianchi@grsm.com
MIGUEL SALDAÑA (SBN 299960)
masaldana@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Chapter 7 Trustee,
Fred Hjelmeset

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re Live365, Inc.,<br><br>            Debtor. | CASE NO. 16-51574 SLJ<br>Chapter 7<br><br>**DECLARATION OF FRED HJELMESET IN SUPPORT OF MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH (1) SHEPPARD MULLIN RICHTER HAMPTON LLC AND (2) HOVANESIAN & HOVANESIAN**<br><br>[No Hearing Required Unless Requested]<br>Judge: Hon. Stephen L. Johnson |

I, Fred Hjelmeset, hereby declare:

1. I am the duly appointed trustee in the of the above-captioned bankruptcy case. I make this declaration in support of the *Motion for Order Authorizing Trustee to Compromise Controversy with (1) Sheppard Mullin Richter Hampton, LLC and (2) Hovanesian & Hovanesian* ("Motion") pursuant to the terms of the settlement agreements ("Agreements") with Sheppard Mullin Richter Hampton, LLC ("SMRH") and Hovanesian & Hovanesian ("Hovanesian"). A true and correct copy of the Agreements with SMRH and Hovanesian are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

2. I am informed and believe based on my review of the documents filed in this case that on May 26, 2016, Debtor filed a voluntary petition ("Petition") under Chapter 7 of the Bankruptcy Code.

3. I am informed and believe based on my review of the documents filed in this case that in the bankruptcy schedules filed along with the Petition, the Debtor listed a payment made to SMRH of $11,738.30 on or about March 14, 2016 for Intellectual Property and Trademark Fees ("SMRH Transfer").

4. I am informed and believe based on my review of the documents filed in this case that in the bankruptcy schedules filed along with the Petition, the Debtor's schedules indicate that Hovanesian received a payment $37,500 within 90 days before the filing of the petition ("Hovanesian Transfer").

5. I am informed and believe based on my review of the documents filed in this case that on August 25, 2016, Hovanesian, filed a claim for $98,169.70 ("Claim") in the Bankruptcy Case. On September 29, 2017, I filed an objection to the Claim on the grounds that it could not be allowed pursuant to 11 U.S.C. § 502(d). Hovanesian opposed my objection to the Claim.

6. I am informed and believe that both SMRH and Hovanesian dispute that the transfers to them are recoverable as preferences and that during communications with my counsel also raised several potential defenses under 11 U.S.C. § 547(c). I am informed and believe that both SMRH and Hovanesian provided documents in support of the defenses asserted.

7. I reached a compromise with SMRH regarding the SMRH Transfer. Under the terms of the settlement, SMRH will pay $5,000 ("Settlement Amount") in exchange for the estate's release of the preference claim against SMRH.

8. I reached a compromise with Hovanesian regarding the Hovanesian Transfer. Under the terms of the settlement, Hovanesian agrees that the Claim shall be disallowed in exchange for the estate's release of the preference claim against Hovanesian.

9. I believe the settlement pursuant to the terms of the Agreements are fair and reasonable and in the best interest of the bankruptcy estate. I further believe, for the reasons stated in the MPA, that the settlement meets the standards established by the Ninth Circuit Court of Appeals to determine the fairness, reasonableness, and adequacy of a settlement as set forth in the *A&C Properties* case.

I declare under penalty of perjury under the laws of the United States of America that the statements made herein are true and correct. Executed in Mountain View, California, this 20 day of April 2018.

_____
Fred Hjelmeset

# EXHIBIT A

# AGREEMENT

This Agreement ("***Agreement***") is entered into by and between Fred Hjelmeset, Trustee in Bankruptcy ("***Trustee***") of the estate of Live365, Inc. ("***Debtor***"), Case No. 16-51574 ("***Bankruptcy Case***") currently pending in the United States Bankruptcy Court for the Northern District of California ("***Bankruptcy Court***"), and Sheppard Mullin Richter & Hampton LLP ("***SMRH***"), effective as of March 1, 2018. SMRH and the Trustee shall be collectively referred to as the "***Parties***."

## RECITALS

A.  The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2016 ("***Petition Date***") thereby initiating the Bankruptcy Case. Fred Hjelmeset was appointed Trustee of the Debtor's Chapter 7 estate ("***Bankruptcy Estate***").

B.  The Debtor's bankruptcy schedules indicate that SMRH received a payment of $11,738.30 on or about March 14, 2016 for Intellectual Property and Trademark Fees ("***Transfer***"). The Trustee contends that the Transfer constitutes a preference under 11 U.S.C. § 547 ("***Preference Claim***").

C.  SMRH disputes the Preference Claim. Alternatively, SMRH contends that certain defenses, as codified under 11 U.S.C. § 547(c), apply.

D.  The Trustee and SMRH have agreed to settle the Preference Claim as set forth below.

## AGREEMENT

In consideration of the foregoing premises and the mutual promises, covenants and conditions herein contained, and for other good and valuable consideration, the receipt and sufficiency being hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.  SMRH agrees to pay to the Trustee $5,000 ("***Settlement Amount***") within two weeks from execution of this Agreement in full and final settlement of the Preference Claim. Notwithstanding the foregoing, SMRH retains any rights that it may have arising under 11 U.S.C. § 502(h).

2.  The Parties each acknowledge and agree that (i) terms specified in this Agreement are a full and complete compromise of the matters involving disputed issues of law and fact; (ii) neither agreement to these terms nor events occurring during the negotiations of this Agreement (including all statements, admissions or communications made in connection therewith) by the Parties or their counsel or their representatives shall be considered, nor shall they be admissions by any party hereto; (iii) no past or present wrongdoing by any Party to this Agreement shall be implied therefrom and (iv) upon payment of the Settlement Amount, the Trustee on behalf of himself and the Bankruptcy Estate, shall release and forever discharge SMRH, and each of its professionals, assigns, successors-in-interest, affiliates, agents, attorneys, employees, general partners, limited partners, members, shareholders, officers and directors, and its subsidiaries, of

1

and from any and all claims and causes of action that the Trustee and/or the Bankruptcy Estate now has or ever had, known or unknown, arising under chapter 5 of the Bankruptcy Code relating to the Transfer and the Preference Claim.

   3. All payments received by the Trustee shall be non-refundable, except if the Bankruptcy Court does not approve this Agreement.

   4. In the event SMRH fails to timely pay the Settlement Amount, the Trustee may, in his sole discretion, proceed with the Bankruptcy Estate's claims relating to the Preference Claim.

   5. The effectiveness of this Agreement is conditioned upon entry of a Final Order of the Bankruptcy Court authorizing the Trustee to consummate this Agreement. A Final Order means an order for which (a) at least fifteen (15) days have passed since entry of the order, and (b) no stay pending appeal of the order has been entered or if a stay pending appeal has been entered, the appeal has been finally resolved and the order upheld. The parties hereto may waive the finality requirement herein in a writing executed by each party. The Trustee will request Bankruptcy Court approval promptly after execution of this Agreement.

   6. This Agreement shall be interpreted under the laws of the State of California. The interpretation and enforcement of this Agreement is subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of California, San Jose Division.

   7. This Agreement may be executed in two or more counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument. The parties agree that a facsimile or pdf signature shall be sufficient for the execution of this Agreement, provided that the parties will use their best efforts to forward the original signature to the Trustee.

   8. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

   9. Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

   10. This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

   11. If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

   12. This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral

and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: March 19, 2018

_____
Fred Hjelmeset, Trustee in Bankruptcy
of the estate of Live365, Inc.

Dated: _____

_____
Michael Lauter
Sheppard, Mullin, Richter & Hampton LLP

Case: 16-51574   Doc# 93-1   Filed: 04/24/18   Entered: 04/24/18 15:01:05   Page 7 of 11

and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: March ___, 2018

_____
Fred Hjelmeset, Trustee in Bankruptcy
of the estate of Live365, Inc.

Dated: *March 30, 2018*

_____
Michael Lauter
Sheppard, Mullin, Richter & Hampton LLP

1104416/23359036v.1

3

Case: 16-51574    Doc# 93-1    Filed: 04/24/18    Entered: 04/24/18 15:01:05    Page 8 of 11

# EXHIBIT B

## AGREEMENT

This Agreement ("*Agreement*") is entered into by and between Fred Hjelmeset, Trustee in Bankruptcy ("*Trustee*") of the estate of Live365, Inc. ("*Debtor*"), Case No. 16-51574 ("*Bankruptcy Case*") currently pending in the United States Bankruptcy Court for the Northern District of California ("*Bankruptcy Court*"), and Hovanesian & Hovanesian ("*Hovanesian*"), effective as of March 19, 2018.

## RECITALS

A. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 26, 2016 ("*Petition Date*") thereby initiating the Bankruptcy Case. Fred Hjelmeset was appointed Trustee of the Debtor's Chapter 7 estate ("*Bankruptcy Estate*").

B. The Debtor's bankruptcy schedules indicate that Hovanesian received payment of $37,500 within 90 days before the filing of the petition ("*Transfer*").

C. On or about September 8, 2016, the Trustee sent Hovanesian a demand letter requesting payment of the Transfer as a preferential transfer under 11 U.S.C. § 547 ("*Preference Claim*"). Hovanesian disputes the Preference Claim. Alternatively, Hovanesian contends that certain defenses, as codified under 11 U.S.C. § 547(c), apply.

D. On August 25, 2016, Hovanesian filed a claim for $98,169.70 ("*Claim*") in the Bankruptcy Case as Claim No. 7. On September 29, 2017, the Trustee filed an objection to the Claim on the grounds that it could not be allowed due to the Preference Claim. Hovanesian opposed the Trustee's objection to the Claim.

E. The Trustee and Hovanesian have agreed to settle the Preference Claim and the Trustee's objection to the Claim as set forth below.

## F. AGREEMENT

1. In consideration of the foregoing premises and the mutual promises, covenants and conditions herein contained, and for other good and valuable consideration, the receipt and sufficiency being hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

2. Hovanesian agrees to the disallowance of the Claim. In exchange, the Trustee agrees to the release of the Preference Claim.

3. The effectiveness of this Agreement is conditioned upon entry of a Final Order of the Bankruptcy Court authorizing the Trustee to consummate this Agreement. A Final Order means an order for which (a) at least fifteen (15) days have passed since entry of the order, and (b) no stay pending appeal of the order has been entered or if a stay pending appeal has been entered, the appeal has been finally resolved and the order upheld. The parties hereto may waive the finality requirement herein in a writing executed by each party. The Trustee will request Bankruptcy Court approval promptly after execution of this Agreement.

4. The order approving this Agreement may provide that the Claim is disallowed.

1

5. This Agreement shall be interpreted under the laws of the State of California. The interpretation and enforcement of this Agreement is subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of California, San Jose Division.

6. This Agreement may be executed in two or more counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument. The parties agree that a facsimile or pdf signature shall be sufficient for the execution of this Agreement, provided that the parties will use their best efforts to forward the original signature to the Trustee.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

8. Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

9. This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

10. If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

11. This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

12. **In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: April 19, 2018

Fred Hjelmeset, Trustee in Bankruptcy of the estate of Live365, Inc.

Dated: April 17, 2018

Hovanesian & Hovanesian

By: _____
Ara Hovanesian, President

2