UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re: LIVE365, INC. § Case No. 16-51574
§
§
§
Debtor(s)

**NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that <u>Fred Hjelmeset</u>, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Office of the Clerk
280 South First Street
Suite 3035
San Jose, CA 95113-3099

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: <u>06/28/2018</u>       By: /s/ Fred Hjelmeset
                                         Trustee

Fred Hjelmeset
P.O. Box 4188
Mountain View, CA 94040
(650) 386-5634
fhtrustee@gmail.com

**UST Form 101-7-NFR (10/1/2010)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re: LIVE365, INC. § Case No. 16-51574
§
§
§
Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of: | $ 116,536.56 |
| and approved disbursements of: | $ 6,313.19 |
| leaving a balance on hand of[1]: | $ 110,223.37 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2S | Hudson Metro Center, LLC Hudson Pacific Properties, Inc. | 40,000.00 | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 110,223.37 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Fred Hjelmeset | 9,076.83 | 0.00 | 9,076.83 |
| Trustee, Expenses - Fred Hjelmeset | 209.78 | 0.00 | 209.78 |
| Bond Payments - International Sureties | 48.89 | 48.89 | 0.00 |
| Other Chapter 7 Administrative Expenses - Franchise Tax Board | 1,630.00 | 1,630.00 | 0.00 |
| Other Chapter 7 Administrative Expenses - Franchise Tax Board | 0.00 | 0.00 | 0.00 |
| Attorney for Trustee Fees (Other Firm) - GORDON & REES, LLP | 41,267.50 | 0.00 | 41,267.50 |

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Expenses (Other Firm) - GORDON & REES, LLP | 491.26 | 0.00 | 491.26 |
| Accountant for Trustee Fees (Other Firm) - BACHECKI, CROM & CO., LLP | 6,857.50 | 0.00 | 6,857.50 |
| Accountant for Trustee Expenses (Other Firm) - BACHECKI, CROM & CO., LLP | 66.57 | 0.00 | 66.57 |

Total to be paid for chapter 7 administrative expenses: $ 57,969.44
Remaining balance: $ 52,253.93

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 52,253.93

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $957.31 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4P | IRS | 110.00 | 0.00 | 110.00 |
| 16 | Employment Development Department | 847.31 | 0.00 | 847.31 |

Total to be paid for priority claims: $ 957.31
Remaining balance: $ 51,296.62

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $1,885,928.21 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.7 percent, plus interest (if applicable).

**UST Form 101-7-NFR (10/1/2010)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1-2 | Equinix Inc | 197,830.94 | 0.00 | 5,380.94 |
| 2U | Hudson Metro Center, LLC | 0.00 | 0.00 | 0.00 |
| 3 | Digital Envoy, Inc. Kimberly Sweat | 7,000.00 | 0.00 | 190.40 |
| 4U | IRS | 10.00 | 0.00 | 0.27 |
| 5 | Equinix Inc | 0.00 | 0.00 | 0.00 |
| 6 | Pitney Bowes Inc | 1,638.09 | 0.00 | 44.56 |
| 7 | Hovanesian & Hovanesian,A Professional CorporationHovanesian & Hovanesian,APC | 0.00 | 0.00 | 0.00 |
| 8 | SoundExchange, Inc.c/o Evelyn J. Meltzer, Esquire Pepper Hamilton LLP | 1,679,449.18 | 0.00 | 45,680.45 |
| 9 | Serenity International | 0.00 | 0.00 | 0.00 |
| 10 | Christine Holdings | 0.00 | 0.00 | 0.00 |
| 11 | Braemar Development, Ltd. | 0.00 | 0.00 | 0.00 |
| 12 | Grand Eagle Enterprises Ltd. (HSBC-USA) | 0.00 | 0.00 | 0.00 |
| 13 | Ixora Investments | 0.00 | 0.00 | 0.00 |
| 14 | Grand Eagle Enterprises, Ltd. | 0.00 | 0.00 | 0.00 |
| 15 | Quaystone Investments Limited | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 51,296.62
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 17 | Franchise Tax Board | 0.00 | 0.00 | 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

| | Total to be paid for tardily filed general unsecured claims: | $ | 0.00 |
| | Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | Total to be paid for subordinated claims: | $ | 0.00 |
| | Remaining balance: | $ | 0.00 |

Prepared By: /s/ Fred Hjelmeset
　　　　　　　　　　Trustee

Fred Hjelmeset
P.O. Box 4188
Mountain View, CA 94040
(650) 386-5634
fhtrustee@gmail.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**